UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK CASTLEBERRY, | ) | Case No. 5:09CV1715 |
| Petitioner, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | Magistrate Judge George J. Limbert |
| MAGGIE BEIGHTLER, Warden, | ) ) | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Respondent. | ) ) | |

On July 20, 2009, Derrick Castleberry ("Petitioner"), *pro se*, filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief from a judgment of conviction entered by the Summit County, Ohio Court of Common Pleas for: having weapons while under disability in violation of Ohio Revised Code ("O.R.C.") § 2923.13(A)(1), (A)(3); carrying a concealed weapon in violation of O.R.C. § 2923.12(A)(2); and rape in violation of 2907.02(A)(2). *Id*; *see also* ECF Dkt. #7, Ex. 2, 3. On December 17, 2009, Warden Maggie Beightler ("Respondent")[1] filed a motion to dismiss. ECF Dkt. #7. On Mach 4, 2010, Petitioner filed a response to Respondent's motion. ECF Dkt. #12. The case was referred to the undersigned to issue a report and recommendation. For the following reasons, the undersigned recommends that the Court DISMISS the instant petition, in its entirety, with prejudice:

I. **FACTUAL BACKGROUND**

The Ninth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6 th Cir. 1998), cert. denied, 119 S.Ct. 2403 (1999). As set forth by the Ninth District Court of Appeals, the facts are:

---

[1] Counsel for Respondent notes that Petitioner was transferred to Marion Correctional Institution, where Maggie Beightler, not Bennie Kelly is the warden. ECF Dkt. #7 at n. 1.

> {¶ 2} On March 16, 2005, the victim met Appellant, John Serva, Mark Dick, and Kenta Mingo at Scorcher's bar in Akron. After a short while, the victim and Serva left the bar so that she could purchase drugs from him. Serva told the victim that he kept his drugs at an empty restaurant, which the owner had leased to Appellant. Appellant and the others initially remained at Scorchers, but later went to meet Serva at the restaurant.
>
> {¶ 3} Before Appellant arrived, Serva raped the victim on an air mattress set up inside the restaurant. She went to the bathroom when he finished and emerged to find that Appellant, Dick, and Mingo had arrived. The victim testified that she was forced to perform oral sex on Appellant before he vaginally raped her. She also testified that she had to perform sexual acts for Dick and Mingo as well.
>
> {¶ 4} On March 18, 2005, the victim called the police to report the attack. On March 13, 2006, Appellant was indicted for rape pursuant to R.C. 2907.02(A)(2); kidnapping pursuant to R.C. 2905.01(A)(4); having a weapon under disability pursuant to R.C. 2923.13(A)(1)/(3); and carrying a concealed weapon pursuant to R.C. 2923.12(A)(2). Appellant pled guilty to both of the weapons charges and proceeded to trial on the rape and kidnapping charges. Serva, Dick, and Mingo were co-defendants in Appellant's case.

ECF Dkt. #7, Ex. 11 at ¶¶2-4; *State v. Castleberry*, No. 23644, 2007 WL 3171355 at ¶¶2-4 (Ohio App. 9 Dist. Oct. 31, 2007).

## II.  PROCEDURAL BACKGROUND

### A.  State Trial Court

In March 13, 2006, the prosecuting attorney for Summit County, Ohio filed an indictment against Petitioner, charging: (Count 1) kidnapping in violation of O.R.C. § 2905.01(A)(4); (Count 2) Rape in violation of O.R.C. § 2907.02(A)(2); (Count 3) having weapons while under disability in violation of O.R.C. § 2923.13(A)(1),(A)(3); and (Count 4) carrying concealed weapons in violation of O.R.C. § 2923.12(A)(2).  ECF Dkt. #7, Ex. 1.

On June 8, 2006, Petitioner plead guilty to Count 3, having weapons while under disability, and Count 4, carrying concealed weapons.  ECF Dkt. #7, Ex. 2.  On June 19, 2006, Petitioner appeared in court for trial by jury.  ECF Dkt. #7, Ex. 3.  The jury found Petitioner not guilty of Count 1, kidnapping, and guilty of Count 2, rape.  *Id.*

On June 21, 2006, the trial court sentenced Petitioner to 8 years of imprisonment for the crime of rape, two years of imprisonment of the crime of having a weapons while under disability, and one year of imprisonment for carrying concealed weapons.  ECF Dkt. #7, Ex. 4.  The trial judge

ordered Petitioner's sentences to run concurrently with each other. *Id.*

### B. Direct Appeal & Resentencing

On July 21, 2006, Petitioner filed a notice of appeal from his conviction. ECF Dkt. #7, Ex. 5. On December 20, 2006, The Ninth District Court of Appeals of Ohio dismissed Petitioner's appeal because the trial court had not yet entered final judgment pursuant to Ohio Rule of Criminal Procedure 32(C). ECF Dkt. #7, Ex. 6.

On February 21, 2007, the trial court resentenced Petitioner on motion of the prosecuting attorney. ECF Dkt. #7, Ex. 7. The court imposed a sentence of 8 years for rape, 2 years for having weapons while under disability, and 1 year for carrying concealed weapons. *Id.* The trial judge ordered Petitioner's sentences to run concurrently with each other. *Id.*

On March 21, 2007, Petitioner filed a second notice of appeal. ECF Dkt. #7, Ex. 8. On June 11, 2007, Petitioner filed a supporting brief raising the following assignments of error:

> I. THE PROSECUTOR'S COMMENTS DURING CLOSING ARGUMENT AMOUNTED TO PROSECUTORIAL MISCONDUCT WHICH PREJUDICIALLY AFFECTED APPELLANTS' SUBSTANTIAL RIGHT TO A FAIR TRIAL.
>
> II. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BASED ON INSUFFICIENT EVIDENCE.

ECF Dkt. #7, Ex. 9. On October 31, 2007, the Ohio Court of Appeals for the Ninth District affirmed Petitioner's conviction. ECF Dkt. #7, Ex. 11.

### C. Motion for Delayed Appeal – Supreme Court of Ohio

On March 7, 2008, Petitioner filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #7, Ex. 12. On March 7, 2008, Petitioner contemporaneously filed a motion for leave to file a delayed appeal pursuant to Supreme Court Rule II Section 2(A)(4)(a). ECF Dkt. #7, Ex. 13 *See State v. Williams,* 811 N.E.2d 561 at ¶ 12 (Ohio App. 8 Dist 2004) (In Ohio, "any document is considered filed when it is filed with the clerk of court, and not when it is placed in the prison mailing system"). In his motion, Petitioner claimed that he timely placed a notice of appeal in the prison's mailbox. *Id.* at 4-5.

On April 23, 2008, the Supreme Court of Ohio denied Petitioner's motion for delayed appeal.

ECF Dkt. #7, Ex. 14.

### D. Petition for Certiorari - Supreme Court of the United States

On October 6, 2008, the Supreme Court of the United States denied Petitioner's application for a writ of certiorari. ECF Dkt. #7, Ex. 15.

### E. Federal Habeas Corpus Petition

On July 20, 2009, Petitioner filed the instant petition seeking relief from his state court conviction. ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities). Petitioner presents the following grounds for relief:

**Ground One:**

> The Prosecutor's comments during closing arguments amounted to prosecutorial misconduct which prejudicially affected appellants substantial right to a fair trial.

**Supporting Facts:**

> The Prosecutor in this case made a statement in closing arguments that was so egregious and prejudicial that the Appellant's right to a fair trial was denied. In a [sic] improper attempt to bolster the accuser's credibility. The comment certainly effected the outcome of the case. The accuser's credibility was essential to prove the element of force since there was no physical evidence and no witness testimony to corroborated [sic] the accuser's claims.

**Ground Two:**

> Appellant's conviction was against the manifest weight of the evidence and based on insufficient evidence.

**Supporting Facts:**

> In concerning the manifest weight of the evidence, a review of the accuser's testimony illustrates that the jury lost its way clearly, by returning with a [sic] inconsistent verdict. 4 defendants accused of the same crime and two was found guilty and two was found not guilty. The same is said about the Appellant's verdict alone. The Appellant was found not guilty for kidnapping and guilty for rape, when both share the same elements. Again there's no testimony that states the Appellant use threats or force at any time.

**Ground Three:**

> Whether or not the state of Ohio has sufficient evidence to obtain a conviction.

>**Supporting Facts:**
>
>>The accuser's testimony clearly illustrates that the jury lost its way and the verdict should be overturned. The jury lost its way in that an inconsistent verdicts [sic] for the defendants that was similarly situated, and an inconsistent verdict in the Appellant's case alone.
>
>**Ground Four:**
>
>>*Blakely* violation
>
>**Supporting Facts:**
>
>>The Appellant was violated to the fact that this is his first number and his first prison term and was over sentenced according to the guidelines of *Blakely*.

ECF Dkt. #1. On December 17, 2009, Respondent filed a motion to dismiss. ECF Dkt. #7. On Mach 4, 2010, Petitioner filed a response to Respondent's motion. ECF Dkt. #12.

### III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition is time-barred and should be dismissed. ECF Dkt. #7 at 5-7.

In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

>(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); see 28 U.S.C. § 2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook*, 295 F.3d at 521. Whether

equitable tolling is appropriate is a case-by-case analysis. *Id*. "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396, 401-02, 404 (6th Cir. 2004). The petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

## IV.  ANALYSIS

The undersigned recommends that the Court dismiss the instant petition, in its entirety, as time-barred because Petitioner has not complied with the AEDPA filing limitations and he has failed to demonstrate that equitable tolling is appropriate.

Respondent contends that Petitioner's AEDPA statute of limitations began to run on December 18, 2007[2] because the Ninth District appellate Court affirmed his conviction on October 31, 2007, he had 45 days to seek review in the Supreme Court of Ohio, and he did not seek review from the Supreme Court of Ohio within that period of time. ECF Dkt. #7 at 6. Of note, Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) does in fact state that "the appellant shall file a notice of appeal in the Supreme Court within forty-five days from the entry of the judgment being appealed." Therefore, on consideration of 28 U.S.C. § 2244(d)(1)(a), the undersigned recommends that the Court find Respondent's calculated date for the finality of Petitioner's conviction to be accurate. And, as Respondent contends, the AEDPA statute of limitations would have expired one year later, absent any tolling.

Here, Petitioner filed a motion for delayed appeal on March 7, 2008. Although the undersigned noted above that the prison mailbox rule applies in federal court, it does not apply in Ohio courts. *See Williams,* 811 N.E.2d at ¶ 12. Accordingly, the undersigned notes that it is inconsequential that Petitioner signed his motion for delayed appeal earlier than March 7, 2008. In any event, the statute of limitations ran from December 18, 2007 until March 6, 2008, for 80 days. This left 285 days remaining on the AEDPA statute of limitations.

In *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) and *DiCenzi v. Rose*, 452 F.3d 465,

---

[2]  The 45th day following Petitioner's conviction, December 15, 2007, was a Saturday. So Petitioner had until Monday, December 17, 2007 to seek review from the Supreme Court of Ohio.

-7-

468 (6th Cir. 2006), the Sixth Circuit Court of Appeals held that a motion for leave to file a delayed appeal does not restart the AEDPA statute of limitations, but tolls the statute while the motion is pending.  Accordingly, the AEDPA statute of limitations was tolled until the Supreme Court of Ohio denied his motion on April 23, 2008.  ECF Dkt. #7, Ex. 14.[3]

Petitioner did not file the instant petition until over a year later, on July 20, 2009.  ECF Dkt. #1.  The length of this delay alone is sufficient to demonstrate Petitioner's non-compliance with the AEDPA statute of limitations.  Therefore, the Court should dismiss the instant petition, unless Petitioner demonstrates that equitable tolling applies or the actual innocence exception applies.

Petitioner contends that his appeal was untimely because the prison failed to remove its mail from the mailbox in a timely manner.  ECF Dkt. #12 at 2.  Petitioner explained in his motion for leave to file a delayed appeal that he placed the notice of appeal to the Supreme Court of Ohio in two manilla envelopes, and he addressed one to the Ohio Supreme Court clerk and one to the Summit County Court of Appeals.  ECF Dkt. #7, Ex. 13.  Petitioner contends that he placed these envelopes in the prison mailbox on December 13, 2007.  *Id.*  Petitioner's explanation is not compelling because his notice of appeal indicates only that it was served in 2008, without providing a specific date.  *See* ECF Dkt. #7, Ex. 12.  Further, Petitioner has offered no explanation for his delay in excess of one year between the Supreme Court of Ohio's ultimate dismissal of his case and his filing of the instant petition.  Thus, he has not been diligent in pursuing his federal habeas petition. Petitioner does not contend that he lacked actual or constructive notice of the federal filing requirement.  Accordingly, equitable tolling does not apply.

Lastly, the Court should consider actual innocence.  The Sixth Circuit has held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations.  *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005).  Here, Petitioner does not assert or demonstrate actual innocence.  Therefore, he is not entitled to review under the actual innocence exception to the

---

[3] As Respondent contends, the AEDPA statute of limitations was not tolled when Petitioner sought certiorari from the United States Supreme Court from his motion for delayed appeal because it is a form of collateral review.  *See Lawrence v. Florida,* 549 U.S. 327, 332 (2007); *Searcy*, 246 F.3d at 519 (holding that a delayed appeal is a form of collateral review).

AEDPA filing limitation.

## V.  CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court DISMISS the instant petition, in its entirety, with prejudice.


Date: June 23, 2010                     */s/George J. Limbert*
                                        GEORGE J. LIMBERT
                                        UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).