**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DERRICK CASTLEBERRY,** ) | **CASE NO. 5:09CV1715** |
| ) | |
| Petitioner, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **MAGGIE BRIGHTLER, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge George J. Limbert issued June 23, 2010 ("R & R"). (**Doc #: 13**.) Petitioner Derrick Castleberry has filed a 28 U.S.C. § 2254 petition for writ of habeas corpus seeking relief from a 2006 conviction and 18-year prison sentence for rape, having weapons under disability, and carrying concealed weapons ("Petition"). (**Doc #: 1**.) In his petition, Castleberry alleges insufficient evidence, prosecutorial misconduct in closing argument, and a *Blakely* violation in sentencing. On December 17, 2009, Respondent filed a Motion to Dismiss the petition as time barred ("Motion"). (**Doc #: 7**.)

After reviewing the Petition, the Motion and Petitioner's Response (Doc #: 12) and the record, the Magistrate Judge issued an R & R concluding that Castleberry's petition is time barred and recommending that the Court dismiss the Petition, in its entirety, with prejudice. The one-year statute of limitations established by the AEDPA began to run December 18, 2007. It was tolled on March 7, 2008, when Petitioner signed his motion for delayed appeal, until April 23, 2008, when the Ohio Supreme Court denied his motion. This left 285 days, but Castleberry

did not file his petition until July 20, 2009, nearly 15 months later. Petitioner offered no explanation for his delay in excess of one year between the Ohio Supreme Court's dismissal of his case and his filing of the instant petition; therefore, equitable tolling does not apply. Nor did Petitioner assert or demonstrate actual innocence.

Under the relevant statute:

> Within *ten days* after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (1988) (emphasis added). Here, four weeks haves elapsed since the R & R was issued, and Castleberry has not filed an objection or a request for an extension to file one.

The failure to timely file written objections to a Magistrate Judge's R & R constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed the Magistrate Judge's thorough and well-written R & R (**Doc #: 13**) and hereby **ADOPTS** it. Accordingly, the Motion (**Doc #: 7**) is **GRANTED** and the Petition (**Doc #: 1**) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

      */s/ Dan A. Polster    July 21, 2010*
      **Dan Aaron Polster**
      **United States District Judge**